**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>VONAGE HOLDINGS CORP., a corporation;<br><br>VONAGE AMERICA LLC, a limited liability company, also d/b/a VONAGE FOR HOME; and<br><br>VONAGE BUSINESS, INC., a corporation,<br><br>Defendants. | Case No. 3:22-cv-6435<br><br>**STIPULATED ORDER FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, AND OTHER RELIEF** |

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction, Monetary Relief, and Other Relief ("Complaint"), for a permanent injunction, monetary relief, and other relief in this matter, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b), 57b, and Section 5 of the Restore Online Shoppers' Confidence Act ("ROSCA"), 15 U.S.C. § 8404. Plaintiff and Defendants stipulate to the entry of this Stipulated Order for Permanent Injunction, Monetary Judgment, and Other Relief ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

**FINDINGS**

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Defendants participated in unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and ROSCA, 15 U.S.C. § 8404, by failing to provide a simple method for consumers to cancel their telephone services, failing to disclose material transaction terms before obtaining consumers' billing information, and by charging consumers without consent.

3. Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

4. Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5. Defendants and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A. **"Billing Information"** means any data that enables any person to access a customer's account, such as a credit card, checking, savings, share or similar account, utility bill, mortgage loan account, or debit card.

B. **"Business Transaction"** means a transaction where the consumer is a business and the good or service is solely for business use.

C. **"Charge," "Charged,"** or **"Charging"** means any attempt to collect money or other consideration from a consumer, including causing Billing Information to be submitted for payment, including against the consumer's credit card, debit card, bank account, telephone bill, or other account.

D.	**Clear(ly) and conspicuous(ly)"** means that a required disclosure is difficult to miss (i.e., easily noticeable) and easily understandable by ordinary consumers, including in all of the following ways:

1.	In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented. In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means.

2.	A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

3.	An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it.

4.	In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

5.	The disclosure must use diction and syntax understandable to ordinary consumers must appear in each language in which the representation that requires the disclosure appears.

6.	The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

7. The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

8. When the representation or sales practice targets a specific audience, such as children, the elderly, or the terminally ill, "ordinary consumers" includes reasonable members of that group.

E. **"Defendants"** means all of the Defendants, individually, collectively, or in any combination.

F. **"Negative Option Feature"** means, in an offer or agreement to sell or provide any good or service, a provision under which the consumer's silence or failure to take affirmative action to reject a good or service or to cancel the agreement is interpreted by the seller or provider as acceptance or continuing acceptance of the offer.

G. **"Telemarketing"** means any plan, program, or campaign which is conducted to induce the purchase of goods or services by use of one or more telephones, and which involves a telephone call, whether or not covered by the Telemarketing Sales Rule.

## ORDER

### I. EXPRESS INFORMED CONSENT

IT IS FURTHER ORDERED that Defendants and Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting, offering for sale, or sale of any good or service, are permanently restrained and enjoined from causing any Charge to be billed to a consumer's account without the consumer's express informed consent. To obtain express informed consent for any good or service with a Negative Option Feature, Defendants must:

A. For all written offers (including over the Internet, such as through a web-based application), obtain consent through a check box, signature, or other substantially similar method, which the consumer must affirmatively select or sign to accept the Negative Option Feature, and no other portion of the offer. Defendants shall disclose Clearly and Conspicuously, and immediately adjacent to such check box, signature, or substantially similar method of affirmative consent, only the following, with no additional information:

1. The extent to which the consumer must take affirmative action to avoid any Charges: a) for the offered good or service, b) of an increased amount after the trial or promotional period ends, and c) on a recurring basis;

2. The total cost (or range of costs) the consumer will be Charged and, if applicable, the frequency of such Charges unless the consumer timely takes affirmative steps to prevent or stop such Charges; and

3. The deadline(s) (by date or frequency) by which the consumer must affirmatively act in order to stop all recurring Charges.

B. For all oral offers, prior to obtaining any Billing Information from the consumer:

1. Clearly and Conspicuously disclose the information contained in Subsection B of the Section III of this Order titled Required Disclosures Relating To Negative Option Features; and

2. Obtain affirmative unambiguous express oral confirmation that the consumer: a) consents to being Charged for any good or service, including providing, at a minimum, the last 4 digits of the consumer's account number to be Charged, b) understands that the transaction includes a Negative Option Feature, and c) understands the specific affirmative steps the consumer must take to prevent or stop further Charges.

C. For transactions conducted through Telemarketing, Defendants shall maintain for 3 years from the date of each transaction an unedited voice recording of the entire transaction, including the prescribed statements set out in Subsection B of this Section. Each recording must be retrievable by date and by the consumer's name, telephone number, or Billing Information, and must be provided upon request to the consumer, the consumer's bank, or any law enforcement entity.

*Provided that* Subsections A through C of this Section do not apply to Business Transactions for which Defendants possess evidence that consumers provided express informed consent to being billed for the good or service with a Negative Option Feature after negotiating significant terms of the Negative Option Feature that are only negotiable with business consumers.

## II. SIMPLE MECHANISM TO CANCEL NEGATIVE OPTION FEATURE

IT IS ORDERED that Defendants, Defendants' officers, agents, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service with a Negative Option Feature, are permanently restrained and enjoined from:

A. failing to provide a simple mechanism for the consumer to: (1) avoid being Charged, or Charged an increased amount, for a good or service and (2) immediately stop any recurring Charge. Such mechanism must:

1. be easy to find;

2. be easy to use to stop such Charge;

3. not require the consumer to take any action that is objectively unnecessary to cancel including using a Dark Pattern. A "Dark Pattern" refers to a user interface that

6

has the effect of impeding consumers' expression of preference, manipulating consumers into taking certain action or otherwise subverting consumers' choice;

B.  If any consumers entered into the agreement to purchase a good or service including a Negative Option Feature over the Internet or a mobile phone application, failing to provide the mechanism through the same website, email address or other application that the consumers used to enter the agreement.

C.  If any consumers entered into the agreement to purchase a good or service including a Negative Option Feature through an oral offer or acceptance, failing to provide such mechanisms through the use of (1) a telephone number and (2) a postal or email address.

*Provided, however, that* Section II does not apply to Business Transactions for which Defendants possess evidence that consumers negotiated significant terms of the Negative Option Feature that are only negotiable with business consumers.

### III. REQUIRED DISCLOSURES RELATING TO NEGATIVE OPTION FEATURES

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service with a Negative Option Feature, are permanently restrained and enjoined from:

A.  Representing directly or indirectly, expressly or by implication, that any good or service that includes a Negative Option Feature is being offered on a free, trial, no obligation, reduced, upgraded, or discounted basis, or for a specific term, without disclosing Clearly and Conspicuously, and immediately adjacent to, any such representation:

1. The extent to which the consumer must take any affirmative action to avoid any Charges: a) for the offered good or service, b) of an increased amount after the trial or promotional period ends, and c) on a recurring basis;

2. The total cost (or range of costs) the consumer will be Charged and, if applicable, the frequency of such Charges unless the consumer timely takes steps to prevent or stop such Charges; and

3. The deadline(s) (by date or frequency) by which the consumer must affirmatively act in order to stop all recurring Charges.

B. Obtaining Billing Information from a consumer for any transaction involving a good or service that includes a Negative Option Feature, without first disclosing Clearly and Conspicuously, and immediately adjacent to where a consumer provides Billing Information:

1. The extent to which the consumer must take affirmative action to avoid any Charges: a) for the offered good or service, b) of an increased amount after the trial or promotional period ends, and c) on a recurring basis;

2. The total cost (or range of costs) the consumer will be Charged, the date the initial Charge will be submitted for payment, and, if applicable, the frequency of such Charges unless the consumer timely takes affirmative steps to prevent or stop such Charges;

3. The deadline(s) (by date or frequency) by which the consumer must affirmatively act in order to stop all recurring Charges;

4. The name of the seller or provider of the good or service and, if the name of the seller or provider will not appear on billing statements, the billing descriptor that will appear on such statements;

5. A description of the good or service;

6. Any Charge or cost for which the consumer is responsible in connection with the cancellation of an order, any service or the return of any good; and

7. The simple cancellation mechanism to stop any recurring Charges, as required by Section II of this Order.

C. Failing to send the consumer:

1. Immediately after the consumer's submission of an online order, written confirmation of the transaction by email. The email must Clearly and Conspicuously disclose all the information required by Subsection B, and contain a subject line reading "Order Confirmation" along with the name of the good or service and the subject line must contain no additional information; or

2. Within 2 days after receipt of the consumer's order by mail or telephone, a written confirmation of the transaction, either by email or first class mail. The email or letter must Clearly and Conspicuously disclose all the information required by Subsection B. The subject line of the email must Clearly and Conspicuously state "Order Confirmation" along with the name of the good or service, and nothing else. The outside of the envelope must Clearly and Conspicuously state "Order Confirmation" along with the name of the product or service, and no additional information other than the consumer's address, the Defendants' return address, and postage.

*Provided, however, that* Section III does not apply to Business Transactions for which Defendants possess evidence that consumers negotiated significant terms of the Negative Option Feature that are only negotiable with business consumers.

### IV. PROHIBITION AGAINST MISREPRESENTATIONS

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees,

and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service with a Negative Option Feature are permanently restrained and enjoined from misrepresenting expressly or by implication:

    A.    Any cost to the consumer to purchase, receive, use, or return the initial good or service;

    B.    That the consumer will not be Charged for any good or service;

    C.    That a good or service is offered on a "free," "trial," "sample," "bonus," "gift," "no obligation," "discounted," "upgraded" basis, or words of similar import, denoting or implying the absence of an obligation on the part of the recipient of the offer to affirmatively act in order to avoid Charges, including where a Charge will be assessed pursuant to the offer unless the consumer takes affirmative steps to prevent or stop such a Charge;

    D.    That the consumer can obtain a good or service for a processing, service, shipping, handling, or administrative fee with no further obligation;

    E.    Any purpose for which the consumer's Billing Information will be used;

    F.    The date by which the consumer will incur any obligation or be Charged unless the consumer takes an affirmative action on the Negative Option Feature;

    G.    That a transaction has been authorized by the consumer;

    H.    Any material aspect of the nature or terms of a refund, cancellation, exchange, or repurchase policy for the good or service, including whether it is easy for consumers to cancel Defendants' good or service; or

    I.    Any other material fact.

# V. MONETARY JUDGMENT

IT IS FURTHER ORDERED that:

A. Judgment in the amount of One Hundred Million Dollars ($100,000,000.00) is entered in favor of the Commission against Defendants, jointly and severally, as monetary relief.

B. Defendants are ordered to pay to the Commission One Hundred Million Dollars ($100,000,000.00). Such payment must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission.

C. Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

D. The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

E. The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

F. Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Defendants previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

G. All money received by the Commission as monetary relief pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for consumer relief, such as redress and any attendant expenses for the administration of any redress

fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after such redress is completed, the Commission may apply any remaining money for such related relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any money not used for relief is to be deposited to the U.S. Treasury. Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## VI. CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order, whether acting directly or indirectly are permanently restrained and enjoined from directly or indirectly failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress. If a representative of the Commission requests in writing any information related to redress, Defendants must provide it, in the form prescribed by the Commission, within 14 days.

## VII. ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendants obtain acknowledgments of receipt of this Order:

A. Each Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 5 years after entry of this Order, each Defendant, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives having managerial responsibilities for conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in

structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before or at the time they assume their responsibilities.

C.   From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## VIII. COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendants make timely submissions to the Commission:

A.   One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury. Each Defendant must:

1. identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant;

2. identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses;

3. describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant;

4. describe in detail whether and how that Defendant is in compliance with each Section of this Order; and

5. provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B. For 12 years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1. any designated point of contact; or

2. the structure of any Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C. Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: *FTC v. Vonage Holdings Corp.*, FTC Matter No. 2023165.

## IX. RECORDKEEPING

IT IS FURTHER ORDERED that Defendants must create certain records for 12 years after entry of the Order and retain each such record for 5 years. Specifically, Defendants must create and retain the following records:

A. accounting records showing the revenues from all goods or services sold;

B. personnel records showing, for each person providing services in relation to any aspect of the Order, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C. records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D. all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E. a copy of each unique advertisement or other marketing material, and a copy of each part of Defendants' websites related to the subject matter of this Order.

## X. COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendants' compliance with this Order:

A. Within 14 days of receipt of a written request from a representative of the Commission, each Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.  For matters concerning this Order, the Commission is authorized to communicate directly with each Defendant. Defendants must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C.  The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## XI. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED this**      **day of** _____ **, 202\_\_.**

_____
UNITED STATES DISTRICT JUDGE

**SO STIPULATED AND AGREED:**

**FEDERAL TRADE COMMISSION**

_/s/ Gregory A. Ashe_           Date: November 3, 2022
STEPHANIE LIEBNER
Email: sliebner@ftc.gov
ANGEL REYES
Email: areyes@ftc.gov
Attorneys
Gregory A. Ashe   Email: gashe@ftc.gov
FEDERAL TRADE COMMISSION
600 Pennsylvania Ave., NW
Mailstop CC-10232
Washington, DC 20580
Telephone: (202) 326-2908 (Liebner)
Facsimile: (202) 326-3768

**DEFENDANTS**

_/s/ Randy K. Rutherford_           Date: September 27, 2022
Randy K. Rutherford
VONAGE HOLDINGS CORP.
Chief Legal Officer & Secretary

VONAGE AMERICA LLC
Vice President & Secretary

VONAGE BUSINESS INC.
Vice President & Secretary

Email: randy.rutherford@vonage.com
Telephone: (732) 444-4613

17

Case 3:22-cv-06435   Document 2   Filed 11/03/22   Page 18 of 18 PageID: 42

*(signature)*
_____

Duane C. Pozza  
Mark B. Sweet  
Wiley Rein LLP  
Attorneys for Defendants

Date: ___9/23/2022___

18